IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANUPAMA BEKKEM, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-907-R |
| | ) |
| DENIS RICHARD McDONOUGH, | ) |
| in his official capacity as Secretary of the | ) |
| Department of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. No. 7), Plaintiff's Response and Request for Leave to Amend (Doc. No. 8), and Defendant's Reply (Doc. No. 11). Upon consideration of the parties' filings, the Court finds as follows.

Plaintiff Anupama Bekkem, M.D., a physician employed by the Oklahoma City Veterans Affairs Health Care System, brings this action, *pro se*, against the Secretary of the Department of Veterans Affairs seeking relief for violations of Title VII and the Rehabilitation Act.[1] (Doc. No. 1-1). Plaintiff states that she is incorporating by reference her claims from four separate Equal Employment Opportunity ("EEO") cases which "were consolidated in EEOC Hearing No. 560-2019-00061X, subsequent appeal to EEOC – OFO with Appeal No. 2021001156." (*Id.* ¶ 7). She requests, as part of her Complaint, that the Court grant leave to amend after she "review[s] the specific claims raised in the Agency

---

[1] Plaintiff asserts that she is a "brown" Asian-Indian female from India who practices Hinduism and suffers from a physical disability. (*See* Doc. No. 8-1).

Case Numbers, as some of the claims raised may be obsolete, resolved or otherwise redundant." (*Id.* ¶ 8). Defendant seeks dismissal based on Plaintiff's failure to comply with Fed. R. Civ. P. 8 and the fact that amendment would be futile as the ninety-day window to file suit pursuant to 42 U.S.C. § 2000e-16(c) has expired. (Doc. No. 7).

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. Dismissal is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." [2] *Id.* at 555. (citations omitted). In an employment discrimination case, the plaintiff must allege facts sufficient to provide the defendant "fair notice of the basis" for the plaintiff's claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

On its face, Plaintiff's Complaint is devoid of any factual allegations suggesting that Plaintiff is entitled to relief. (Doc. No. 1-1). Rather than allege facts, Plaintiff attempts to incorporate her EEO claims by referencing EEO case numbers. (*Id.* at 1, ¶ 7). The claims she seeks to incorporate by reference are not attached to the Complaint. However, in her

---

[2] Because Dr. Bekkem is a *pro se* litigant, the Court affords her materials a liberal construction, but it does not act as her advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

2

Response to Defendant's Motion to Dismiss, Plaintiff attaches an exhibit purported to contain the claims incorporated by reference in the Complaint. (Doc. No. 8-1).

While courts generally consider only the contents of a complaint when ruling on a Rule 12(b)(6) motion, "[e]xceptions to this general rule include . . . documents incorporated by reference in the complaint [and] documents referred to in and central to the complaint, when no party disputes its authenticity." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Although Plaintiff alleges that the exhibit attached to her Response constitutes the "claims" incorporated by reference in her timely-filed Complaint, the exhibit appears to be an unauthenticated self-authored summary of Plaintiff's EEO complaints rather than actual administrative complaints or orders from the referenced EEO cases. (Doc. No. 8, at 2). Consequently, the Court finds that the attached exhibit (Doc. No. 8-1) is not a document incorporated by reference in the Complaint, and that the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Additionally, Plaintiff improperly requests leave to amend as part of her Complaint and Response. (Doc. Nos. 1-1, at 1, ¶ 8; 8). While the attached exhibit (Doc. No. 8-1) contains facts regarding Dr. Bekkem's claims, a plaintiff may not amend her complaint via a response brief. *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("[W]e have repeatedly held that a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.") (internal

3

quotation marks and citation omitted). Local Civil Rule 15.1 provides that a party seeking leave to amend must file a separate motion "attach[ing] the proposed pleading as an exhibit to the motion," and stating "whether any other party objects to the motion."[3]

Although the ninety-day period to file suit pursuant to 42 U.S.C. § 2000e-16(c) has expired, Plaintiff set forth in her timely-filed Complaint that she was suing for violations of Title VII and the Rehabilitation Act based on the claims alleged in four EEO cases identified by case number. (*Id.* ¶¶ 6-7). Thus, at a minimum, Defendant had fair notice that Plaintiff was bringing an employment discrimination case for violations of Title VII and the Rehabilitation Act based on the claims and facts set forth in those cases. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983)(internal quotation marks and citation omitted).

Here, given that Plaintiff is a *pro se* litigant and that it is somewhat unclear whether granting leave to amend would be futile, the Court will permit Plaintiff to file a proper motion for leave to amend the Complaint on or before June 29, 2023.[4] Plaintiff's proposed amended complaint must contain "a short and plain statement of the claim showing that

---

[3] *See* "Local Court Rules," https://www.okwd.uscourts.gov/rules-procedures/local-rules/.

[4] Although Defendant describes Dr. Bekkem as a "seasoned" *pro se* litigant (Doc. No. 7, at 2, 3, 8), the Court notes that Dr. Bekkem was represented by an attorney in each of the previously filed cases referenced by Defendant: *Bekkem v. Malatinszky*, No. CJ-2017-3904 (Okla. Cty. Dist. Ct. filed July 11, 2017); *Bekkem v. The United States*, No. 17-724 C (U.S. Ct. Fed. Claims filed June 1, 2017); and *Bekkem v. McDonald*, CIV-14-996-HE (W.D. Okla. filed Sep. 16, 2014). (*See* Doc. No. 7, at 2 n.2).

[she] is entitled to relief," Fed R. Civ. P. 8(a)(2), and she must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). The proposed amended complaint should contain the factual basis for each claim.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss (Doc. No. 7). Plaintiff Bekkem is permitted to file a proper motion for leave to amend on or before June 29, 2023. Should Plaintiff fail to timely seek leave to amend, this case will be closed.

**IT IS SO ORDERED** this 8th day of June 2023.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE